IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE MATSCHINER and KRISTINA MATSCHINER, | ) ) ) |
| Plaintiffs, | ) ) 8:07CV435 |
| v. | ) ) ) |
| ALAN L. LEWIS, HARTFORD LIFE, INC., a Delaware corporation, and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut corporation, | ) MEMORANDUM AND ORDER ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on the defendants' Motion for Reconsideration (Filing No. 50) and the remaining issue concerning the distribution of the funds awarded pursuant to the court's Memorandum and Order dated January 6, 2009 (Filing No. 46).

On January 6, 2009, the court entered an order (Filing No. 46) granting plaintiffs' motion for summary judgment (Filing No. 20). In its order, the court found that defendants had abused their discretion in distributing benefits from Rojane Lewis's employer-sponsored welfare benefit life insurance policy to her ex-husband, Alan Lewis (Filing No. 46). In their Motion for Reconsideration (Filing No. 50), defendants now ask the court to reconsider its January 6, 2009 order (Filing No. 46) in light of the Supreme Court's recent decision in *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, --- S. Ct. ---, 2009 WL 160440 (2009). In *Kennedy*, the Supreme Court addressed the question of "whether the terms of the limitation on assignment or alienation invalidated the act of a divorced spouse, the designated beneficiary under her ex-husband's ERISA pension plan, who purported to waive her entitlement by a federal common law waiver embodied in a divorce decree

that was not a QDRO." *Kennedy, --- S. Ct. ---, 2009 WL 160440* at *3. The court has reviewed the Supreme Court's decision and the parties' arguments and concludes that the Supreme Court's decision in *Kennedy* does not change the outcome of this court's decision in this matter.

The decedent in *Kennedy*, William Kennedy, was a participant in his employer's savings and investment plan ("SIP"), under which he signed a form naming Liv Kennedy, his then spouse, as a beneficiary under the plan. *Id.* "William and Liv divorced in 1994, subject to a decree that Liv 'is . . . divested of all right, title, interest, and claim in and to . . . [a]ny and all sums . . . the proceeds [from], and any other rights related to any . . . retirement plan, pension plan, or like benefit program existing by reason of [William's] past or present or future employment.'" *Id.* In *Kennedy*, the parties disputed whether or not William and Liv Kennedy's divorce decree served to disclaim Liv Kennedy's interest as a beneficiary in William Kennedy's pension plan. *Id.* The plan, however, "provided a way to disclaim an interest in the SIP account, but Liv did not purport to follow it." *Id.* at *10. The Supreme Court addressed the question of whether a designated beneficiary to a pension plan could waive her interest through an alternative method *other than* the proscribed method found within the plan. *See id.* at *3-11.

Although the factual circumstances of *Kennedy* and the present case under consideration are quite similar, an important distinction between the two exists: in contrast to the plan at issue in *Kennedy*, the Hartford Plan at issue here does not provide a method or provision by which a beneficiary can disclaim his or her interest in the benefits. *See*

2

Filing No. 29, Group Benefits Plan at HART000222-HART000236.[1]  This distinction is important because it removes this action from the reaches of the *Kennedy* holding.  The Supreme Court expressly limited its holding in *Kennedy*, stating that its decision does "not address a situation in which the plan documents provide no means for a beneficiary to renounce an interest in benefits." *Kennedy,* --- S. Ct. ---, 2009 WL 160440 at *10, n.13.  This case is that situation.[2]

Because the plan in *Kennedy* provided a method by which the ex-spouse beneficiary could disclaim his or her interest, the Supreme Court concluded that "the plan administrator properly disregarded the ex-spouse's waiver owing to its conflict with the designation made by the former husband in accordance with plan documents." *Id.* at *3.  In contrast, the Hartford Plan at issue here presents "a situation in which the plan documents provide no means for a beneficiary to renounce an interest in benefits," *id.* at *10, n.13.  As a result, this court concludes that the Supreme Court's holding in *Kennedy*

---

[1] While the Hartford Plan provides no means by which a beneficiary can disclaim his or her interest, the plan at issue in *Kennedy* does so explicitly. *Kennedy*, --- S. Ct. ---, 2009 WL 160440 at *3 ("The plan does, however, permit a beneficiary to submit a 'qualified disclaimer' of benefits as defined under the Tax Code, see 26 U.S.C. § 2518, which has the effect of switching the beneficiary to an 'alternate . . . determined according to a valid beneficiary designation made by the deceased.'").

[2] In its reply brief (Filing No. 56), defendants assert that the Hartford Plan is analogous to the plan at issue in *Kennedy* because the Hartford Plan also provides a means by which a beneficiary can renounce his or her interest. Defendants state that under the Hartford Plan, "a person may elect not to submit a claim." Filing No. 56 at 7.  According to defendants, this constitutes a "means" to renounce an interest because a beneficiary must "submit a required claim form as a prerequisite to receiving benefits." Filing No. 56 at 7.  This is a far cry from the "means" in the plan at issue in *Kennedy*.  The plan in *Kennedy* "provides forms for designating or changing a beneficiary." *Kennedy,* --- S. Ct. ---, 2009 WL 160440 at *3.  The Hartford Plan outlines no analogous forms, provisions, or formal procedures a beneficiary must complete or follow to renounce his or her interest. Consequently, this court finds that the Hartford Plan is "a situation in which the plan documents provide no means for a beneficiary to renounce an interest in benefits." *Id.* at *10, n.13

does not change the outcome of this court's prior order granting summary judgment to the plaintiffs.[3]  Filing No. 46.

The issue of the distribution of the funds also remains before the court.  When the court entered its order on January 6, 2009 (Filing No. 46), the plaintiffs had not presented evidence showing that the divested interest should be distributed to them in place of RoJane Lewis's Estate (if an estate existed).  On January 16, 2009, the court held an evidentiary hearing, giving all parties the opportunity to present evidence and arguments on the issue of the distribution of the $73,200 beneficiary interest.[4]  *See* Filing No. 49.

The court has considered the arguments the parties presented at the hearing, as well as the record before it, and concludes that Alan Lewis's divested interest should be distributed to plaintiffs Katherine Matschiner and Kristina Matschiner.  In its January 6, 2009 order, the court found the divorce decree between Rojane and Alan Lewis effectively waived any interest Alan Lewis previously held in the proceeds from Rojane Lewis's life insurance policy.  The court finds that because the divorce decree terminated Alan Lewis's interest prior to Rojane Lewis's death, Section V(2) of the Group Benefits Plan (Filing No. 29, Group Benefits Plan at HART000236) requires Hartford Life to distribute his share

---

[3] The court notes that the Supreme Court further expressly refrained from addressing the issue of whether a beneficiary could bring an action in state or federal court against a disclaiming beneficiary court "to obtain the benefits after they were distributed." *Id.* at *8, n.10.  The Court also expressed no view "regarding the ability of a participant or beneficiary to bring a cause of action under 29 U.S.C. § 1132(a)(1)(B) where the terms of the plan fail to conform to the requirements of ERISA and the party seeks to recover under the terms of the statute." *Id.* at 9, n.11.  Both of these scenarios are arguably applicable to the present situation.

[4] On January 16, 2009, counsel for plaintiffs and counsel for Hartford Life made their appearances. Alan Lewis was not present.

equally among the remaining named beneficiaries: Katherine and Kristina Matschiner.[5] As a result, the court now finds that the destruction of Alan Lewis's interest operated to divide equally his share between the plan's two remaining beneficiaries. Accordingly,

IT IS ORDERED:

1. Defendants' Motion for Reconsideration (Filing No. 50) is denied.

2. Plaintiffs' Motion for Leave to File a Reply Brief or for Oral Argument (Filing No. 59) is denied as moot.

3. Judgment is entered in the amount of $73,200 in favor of plaintiffs and against Hartford on the plaintiff's claim for benefits under defendant Hartford's ERISA plan.

4. Hartford Life shall distribute the $73,200 equally to both plaintiffs, Katherine and Kristina Matschiner.

5. Ten working days from the date of this order, plaintiffs' counsel shall schedule and initiate a telephone conference with Magistrate Judge Thomas D. Thalken and the parties for the purpose of scheduling the remaining claims in plaintiffs' complaint for trial.

DATED this 13th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[5] Specifically, Section V(2) of the Group Benefits Plan states that "[i]f any named beneficiary dies before [the policy holder], his share will be divided equally among the named beneficiaries who survive [the policy holder]." Filing No. 29, Group Benefits Plan at HART000236.