IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHERINE MATSCHINER and KRISTINA MATSCHINER,   Plaintiffs,   v.   ALAN L. LEWIS, HARTFORD LIFE, INC., a Delaware corporation, and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut corporation,   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:07CV435    MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motion for attorney fees (Filing No. 53). Upon review of the record and applicable law, the court finds the plaintiffs's motion will be granted in part and denied in part.

## PROCEDURAL BACKGROUND

On January 6, 2009, the court entered an order (Filing No. 46) granting Katherine and Kristina Matschiner's ("plaintiffs") motion for summary judgment (Filing No. 20). In its order, the court found that the defendants Hartford Life, Inc. and Hartford Life & Accident Insurance Company ("Hartford Life") had abused their discretion in distributing benefits from Rojane Lewis's employer-sponsored welfare benefit life insurance policy to her ex-husband, Alan Lewis. *See* Filing No. 46. On January 16, 2009, the court held an evidentiary hearing, giving all parties the opportunity to present evidence and arguments addressing the question of how Alan Lewis's $73,200 divested beneficiary interest should be distributed. *See* Filing No. 49. On January 16. 2009, counsel for plaintiffs and counsel for Hartford Life made their appearances. Alan Lewis did not make an appearance.

On February 2, 2009, Hartford Life filed a Motion for Reconsideration, requesting that the court reconsider its January 6, 2009 order (Filing No. 46) granting the plaintiffs' motion for summary judgment. Filing No. 50. On February 13, 2009, the court denied defendant's Motion for Reconsideration (Filing No. 50) and ordered Hartford Life to divide and distribute Alan Lewis's divested interest, in the amount of $73,200, equally to both plaintiffs. Filing No. 62.

On February 2, 2009, plaintiffs Katherine and Kristina Matschiner filed the instant Motion for Attorney Fees (Filing No. 53).

## DISCUSSION

Because "ERISA is remedial legislation, [it] should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans." *Starr v. Metro Sys., Inc.,* 461 F.3d 1036, 1040 (8th Cir. 2006) (quoting *Welsh v. Burlington N., Inc., Employee Benefits Plan,* 54 F.3d 1331, 1342 (8th Cir.1995)). Thus, "[a] district court considering a motion for attorney's fees under ERISA should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." *Id.* (quoting *Welsh,* 54 F.3d at 1342. In exercising this discretion, the Eighth Circuit Court of Appeals has established five factors that a district court must consider:

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 1041 (quoting *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc)).

While a district court must exercise its discretion in applying these five factors, "a district court abuses [that] discretion when there is a lack of factual support for its decision, or when it fails to follow applicable law." *Martin*, 299 F.3d at 969. Further, the Eighth Circuit has held "[t]here is no presumption in favor of awarding attorney fees to a prevailing ERISA party." *West v. Local 710, Intern. Bro. of Teamsters Pension Plan*, 528 F.3d 1082, 1086 (8th Cir. 2008). Instead, "district courts should use the [five *Martin*] factors and other relevant considerations as general guidelines for determining when a fee is appropriate." *Martin*, 299 F.3d at 972.

In consideration of the five *Martin* factors, the court finds that the plaintiffs are entitled to a significant portion of the attorney fees they request in their motion.

### 1. The Degree of Bad Faith of Culpability of the Opposing Party

This court finds that Hartford Life's abuse of administrative discretion in distributing the funds to Mr. Lewis demonstrated a degree of bad faith. A review of the record reveals that this case involved more than a simple disagreement as to the interpretation of an ERISA plan. On January 6, 2009, this court found that "Hartford [Life] abused its administrative discretion when it made its decision to distribute the funds on July 18, 2007, without adequately considering the administrative record in its entirety." (Filing No. 46 at 10). Instead of considering the entire administrative record, this court found that Hartford Life knowingly disregarded its fiduciary duties as the Plan's Administrator when it distributed the funds in accordance with the 1991 Designation, "[d]espite the fact that Hartford [Life[ was on notice that the plaintiffs were seeking an attorney to presumably

3

contest the continued validity of the 1991 Designation[,]" and despite the fact that "Hartford had in hand a divorce decree that arguably vitiated the 1991 Designation." (Filing No. 46 at 10, 12). Furthermore, Hartford Life failed to notify the plaintiffs that it would proceed by distributing the funds in accordance with the 1991 Designation instead of waiting to receive the later beneficiary designation. (Filing No. 46 at 11).

In this case, Hartford Life's disregard for its fiduciary duties as the Plan Administrator warrants the reward of attorney fees. Hartford Life's cursory actions in disregarding two important documents–the divorce decree in the record and the later beneficiary designation plaintiffs offered to send to Hartford Life–constitute evidence that Hartford acted in bad faith and should be held culpable for its actions.

### 2. The Ability of the Opposing Party to Pay the Fees

Hartford Life openly admits that it is able to pay the fees, but contends that this factor alone is not determinative. (Filing No. 74 at 5.) While the court agrees that no single factor is alone determinative, the court does find that Hartford Life is able to pay the fees.

### 3. Whether an Award of Attorney Fees against the Opposing Party Might Have a Future Deterrent Effect under Similar Circumstances

The court finds that an award of attorney fees in this case could have a deterrent effect on other plan administrators in similar circumstances. In response to attorney fee awards, Hartford Life and other administrators will be more likely to thoroughly review the entire administrative record prior to distributing funds.

### 4. Whether the Parties Requesting Attorney Fees Sought to Benefit All Participants and Beneficiaries of a Plan or to Resolve a Significant Legal Question Regarding ERISA Itself

Upon review of the record, the court finds that the plaintiffs did not bring this case in order to benefit all of the Plan's participants or to resolve a significant legal question related to ERISA. The record shows that the plaintiffs originally brought this action in state court pursuant to a complaint based on state law claims that hardly mentioned ERISA. *See* Filing No. 1. This factor alone, however, is not dispositive.

As a result of the analysis considering the remaining four factors, the court maintains its conclusion that the award of attorney fees in this case is proper. *Starr,* 461 F.3d at 1041 (holding that the award of attorney fees is appropriate where the court noted "that [the plaintiff] brought the case individually and on behalf of his daughter, not as a class action. Nevertheless, the remaining factors favor [the plaintiff] and indicate an award of attorney fees is in order."*).*

### 5. The Relative Merits of the Parties' Positions

Despite Hartford Life's contentions to the contrary, this court's January 6, 2009 order did rule against the merits of Hartford Life's position. *See* Filing No. 46. Specifically, this court concluded that Hartford Life's failure to afford the plaintiffs an adequate opportunity to present their copy of the more current beneficiary designation, coupled with Hartford Life's blatant disregard for the divorce decree Hartford Life had on file, constituted an abuse of Hartford Life's administrative discretion and fiduciary duties as the Plan Administrator. *See* Filing No. 46. Hartford Life maintained its position that its actions did not violate its administrative discretion or fiduciary duties. The relative merits of the parties' positions, therefore, weighs heavily in favor of the plaintiffs and this court's decision to award the plaintiffs their attorney fees in bringing this action.

## THE AMOUNT OF FEES AWARDED TO PLAINTIFFS

Hartford Life argues that if the court does grant the plaintiffs' request for attorney fees, the court should not grant the entire $19,738.17 that plaintiffs have requested. The court concurs and will reduce the plaintiffs' award in accordance with the following determinations in response to the arguments Hartford Life has raised.

### 1. Time Spent Prior to the Filing of, and Unrelated to the Drafting of, Plaintiffs' Complaint and ERISA Claims

Hartford Life argues that it should not pay "fees incurred in administrative proceedings prior to filing suit." Filing No. 74 at 7. Hartford Life requests that the court subtract the plaintiffs' time entries made prior to August 31, 2007, for a total of $2,537.50. Filing No. 74 at 8.

The court, however, finds that these entries are not fees incurred in administrative proceedings before an administrative agency, but rather, these entries were incurred in preparation for the current judicial proceedings. The court, therefore, declines to subtract this amount from the plaintiffs' total reward.

### 2. Time Spent Related to Discovery and Discovery Disclosures

Hartford Life further argues that because these proceedings involved a closed administrative record, the plaintiffs should not be able to recover their attorney fees for time spent drafting discovery and discovery disclosures. Because no discovery occurred in the plaintiffs' case against Hartford Life, the court concurs and concludes that Hartford Life should not pay the plaintiffs' discovery costs. Accordingly, the court subtracts $731.00 from the plaintiffs' total requested amount for the entries made on February 14, 15, 18, 21, and June 17, 2008. Filing No. 63 at 5.

### 3. Time Spent Prosecuting Claims Against Mr. Lewis

The court finds that Hartford Life should also not be held responsible for the costs that plaintiffs incurred in litigating their claims against Mr. Lewis. As a result, the court subtracts $510, for the entry made on September 3, 2008, from the total amount the plaintiffs have requested. Filing No. 63 at 8.

### 4. Time Spent Researching Unrelated State Law

Hartford Life also argues that the plaintiffs' entries made on January 7, 2009 (researching Oregon rules for recovery from Medicaid), and on January 9, 2009 (researching Oregon Medicaid recovery), are unrelated to the plaintiffs' claims against Hartford Life and therefore should not be recoverable. Filing No. 74 at 8. Upon review of the record, the court finds that these entries were made in preparation for the court-ordered hearing in this case on January 16, 2009—a hearing the court ordered to determine how Mr. Lewis's divested benefits should be distributed. Because the hearing would not have been necessary had Hartford Life not abused its administrative discretion and distributed the funds to Mr. Lewis, the court finds that these time entries are properly included in the total amount the plaintiffs have requested. Accordingly, the court declines to subtract these entries from the plaintiffs' total amount requested.

### 5. Time Spent Preparing for and Attending the January 16th Hearing

Hartford Life also contends it should not have to pay the plaintiffs' attorney fees for the time spent in preparation for the January 16th hearing before this court. Filing No. 74 at 9. Because the court ordered the January 16th hearing to resolve the question of whether Mr. Lewis's divested interest should be distributed to the plaintiffs or to RoJane Lewis's estate, the court finds that the subject matter of the January 16th hearing is well

within the scope of litigation surrounding what the court found to be an abuse of administrative discretion on the part of Hartford Life. Consequently, the court will not subtract the time entries made in preparation for the January 16th hearing from the total amount the plaintiffs have requested.

### 6. Time Entries that Do Not Comply with the Local Rules

Hartford Life avers that because several of the plaintiffs' time entries do not comply with NECivR 54.4(a)(1)(B) (requiring all entries to state whether the research is "incorporated into a brief, motion, or pleading"), the plaintiffs should not be allowed to collect attorney fees for those entries not in compliance with the Local Rules. The Local Rules, however, were created to increase the efficiency and ease of litigation for the parties and the court. The court, therefore, finds that it would be contrary to the spirit of the Local Rules to apply them in this instance—to bar the plaintiffs' recovery of attorney fees—where the plaintiffs' failure to comply with the Local Rules shows no evidence of bad faith and did not significantly disadvantage the defendant or undermine the efficiency of the court's proceedings. Accordingly, the court declines to subtract the time entries that fail to comply with NECivR 54.4(a)(1)(B) from the total amount the plaintiffs have requested.

## CONCLUSION

For the aforementioned reasons, the court finds that the award of attorney fees to the plaintiffs in this case is proper. The court does not find, however, that the plaintiffs' request for $19,738.17 should be granted in full. Instead, the court awards the plaintiffs their attorney fees in the amount of $18,497.17. Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion for attorney fees (Filing No. 53) is granted in part; and

2. Defendant Hartford Life is ordered to pay the plaintiffs a total of $18,497.17 in attorney fees.

DATED this 13th day of April, 2009.

                                                    BY THE COURT:

                                                    s/ Joseph F. Bataillon
                                                    Chief District Judge