IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHERINE MATSCHINER and KRISTINA MATSCHINER, | ) ) ) | 8:07CV435 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| ALAN L. LEWIS, and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut corporation, | ) ) ) ) | AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on its own motion and on the plaintiffs' motion for summary judgment, Filing No. 90. This action involves a dispute over distribution of proceeds from the plaintiffs' decedent's life insurance company. The action was removed from Douglas County, Nebraska, District Court by reason of ERISA preemption.

## BACKGROUND

The facts are set forth in the court's earlier granting summary judgment to the plaintiffs on their ERISA claim against defendant Hartford and need not be repeated here. See Filing No. 46, Memorandum and Order; Filing No. 62, Memorandum and Order on reconsideration. In granting summary judgment, the court resolved all of the plaintiffs' claims against Hartford. *Id.* The court found Hartford abused its administrative discretion when it made its decision to distribute the life insurance funds without adequately considering the administrative record in its entirety. Filing No. 46, Memorandum and Order at 10. Neither Hartford nor Lewis filed cross-claims against each other. The claims remaining before the court are plaintiffs' state law equitable claims against defendant Lewis for unjust enrichment, misrepresentation and fraud, and imposition of a constructive trust.

In defense, Lewis asserts that he justifiably relied on Hartford's decision to award him benefits under the policy. Lewis is not represented by counsel and is participating pro se in this action. He has not filed any response to the plaintiffs' summary judgment motion.

The court has reviewed the record, including audio files of three status conferences held by the magistrate judge. *See* Filing Nos. 33, 72, and 80 (audio files). At those conferences, the magistrate judge encouraged the parties to settle, enter into a consent judgment, or otherwise reach an agreement that would allow Hartford to immediately appeal rather than proceed to trial on the remaining claims. Filing No. 72 (audio file). The parties were unable to reach an agreement. *See* Filing No. 80 (audio file). Hartford expressed its intention to appeal and stated that it preferred to resolve its legal issues at the Court of Appeals. Filing No. 72 (audio file). The plaintiffs acknowledged that they do not seek a double recovery, and stated that relief from Lewis would be pursued only if the judgment against Hartford were reversed. Filing No. 72 (audio file). Hartford declined to file a cross-claim against Lewis to recoup the benefits it paid Lewis, and Lewis similarly filed no cross-claim against Hartford. Filing No. 72 and 80 (audio files). Defendant Lewis expressed a willingness to enter into an agreement to stay the action pending the outcome of Hartford's appeal. Filing No. 80 (audio files). He essentially conceded that he had no defense other than to rely on Hartford's decision to distribute the benefits to him. *Id.* Plaintiffs expressed concern about dissipation of Lewis's assets and stated that they were not willing to agree to a stay without some assurance that the assets would be preserved. Filing No. 76. Lewis reported that $1,900.00 remains of the life insurance funds and stated that he has no intention of disposing of the money. *Id.*

### 1.  Summary Judgment

In their motion for summary judgment against Alan Lewis, plaintiffs seek a judgment in the amount of award of $73,200, plus costs and interest.  They ask the court to impose an equitable lien on Lewis's 2007 Mazda 6 sedan, his 42" television, his sofa, golf clubs and the remaining funds in his Wells Fargo savings account to satisfy any judgment against him.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Harder v. ACANDS, Inc.*, 179 F.3d 609, 611 (8th Cir. 1999).  The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence.  *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 174 (8th Cir. 1987).

In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party.  *Id.*  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations."  *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Under Nebraska law, a cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action.  *Chief Indus., Inc. v. Great Northern Ins. Co.*, 612 N.W.2d 225, 231 (Neb. 2000).  Whether

more than one cause of action is stated depends mainly upon (1) whether more than one primary right or subject of controversy is presented, (2) whether recovery on one ground would bar recovery on the other, (3) whether the same evidence would support the different counts, and (4) whether separate actions could be maintained for separate relief. *Id.*

To recover on a claim for unjust enrichment, the plaintiff must show that the defendant: (1) received money; (2) retained possession of the money, and (3) in justice and fairness ought to pay the money to the plaintiff. *Kanne v. Visa U.S.A.*, 723 N.W.2d 293 (Neb. 2006). The most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust. *Kisicki v. Mid-America Fin. Inv. Corp.*, — N.W.2d —, —, 2002 WL 31654490, *6 (Neb. Ct. App. 2002). Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortious conduct on the part of a defendant is not necessary in an action for unjust enrichment. *Id.*

The imposition of a constructive trust is an equitable remedy intended to prevent unjust enrichment. *Trieweiler v. Sears*, 689 N.W.2d 807, 834 (Neb. 2004) (noting that in instances in which the law imposes a constructive trust, the doctrine of unjust enrichment generally governs the substantive rights of the parties). A constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the ground that his or her acquisition or retention of the property would constitute unjust enrichment. *Eggleston v. Kovacich*, 742 N.W.2d 471, 479 (Neb. 2007). Under Nebraska law, a party seeking to establish the trust must prove by clear and convincing evidence that the individual holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential

relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained. *Id.*

Equity is not a rigid concept, and its principles are not applied in a vacuum. *Manker v. Manker, 644 N.W.2d 522, 537 Neb. 2002*). Equity is determined on a case-by-case basis when justice and fairness so require. *Id.* Equity may be used under appropriate circumstances, and equitable principles may prevent one from asserting a particular defense when it would be unfair or unjust to allow that person to do so. *Id.*

The plaintiffs have essentially pled one cause of action against defendant Lewis—an equitable claim for unjust enrichment under Nebraska law. The evidence submitted in support of the plaintiffs' motion does not establish as a matter of law that they are entitled to judgment on their equitable claim. The court cannot determine on this record whether defendant Lewis's retention of the life insurance proceeds was unjust. Resolution of the issue requires full development of the facts and an assessment of the equities on both sides as well as determinations of credibility. There are genuine issues of material fact with respect to fraud and misrepresentation, intent, and reasonable reliance. Accordingly, the court finds the plaintiffs' motion for summary judgment should be denied.

### 2.   Rule 54(b) certification

When deciding whether to certify a ruling as a final judgment under Rule 54(b), a "district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 774 (8th Cir. 2009)* (*quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S.*

1, 7(1980)).  But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims," and the district court must determine that there is no just reason for delay.  *Id.*; *Curtiss-Wright*, 446 U.S. at 8.  Generally, the district court's decision to certify a judgment under Rule 54(b) is entitled to deference, assuming that the district court undertook to weigh and examine the competing interests involved in a certification decision.  *Id.*

The district court's decision should reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals or show a familiarity with the case and with any justifiable reasons for delay.  *Id.*  Reasons must include more than the avoidance of potential for multiple trials and inconsistent jury verdicts involving the same incident that are present in any civil action where some, but not all, of the defendants are dismissed before trial.  *Id.*  Rule 54(b) "certifications 'should neither be granted routinely nor as an accommodation to counsel.'" *Id.* (*quoting Guerrero v. J.W. Hutton, Inc., 458 F.3d 830, 833 (8th Cir. 2006)*) (internal quotation marks and citation omitted).

In considering whether to grant certification, courts "must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright*, 446 U.S. at 8. When considering the judicial administrative interest, the court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.*  A finding that "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims" can be a sufficiently important reason for granting certification.  *Id.*

The court's review of the record shows that this is an appropriate case for certifcation under Rule 54(b).  The court first finds that the order granting summary judgment in favor of the plaintiffs and against Hartford is a final judgment.  It completely disposes of all of the plaintiffs' claims against Hartford.  Hartford has not filed a cross-claim against defendant Lewis and the time to file such a pleading has passed.  Thus, there is no claim that could result in a setoff against the judgment.

The court finds there is no just reason to delay Hartford's appeal.  The parties are amenable to such a course of action.  The interests of judicial administration weigh in favor of certifying an immediate appeal.  The outcome of the appeal may obviate the need for a trial.  Resolution of Hartford's appeal could be dispositive of the claims against Lewis in that if the court's judgment is affirmed, the plaintiffs will have received all the relief to which they were entitled and plaintiffs have indicated they will dismiss the claim against Lewis. The claims against Lewis are equitable and are based on Lewis's alleged relinquishment of his rights as a beneficiary to the life insurance proceeds in the divorce decree.  As such, the claims against Lewis are factually and legally severable from the claim against Hartford.  Should the court's judgment against Hartford be reversed, the claims against Lewis can be pursued independently of any liability on the part of the insurer.

The court also finds that the remaining claims should be stayed pending resolution of the appeal.  Staying the proceeding will not work any particular hardship on the plaintiffs because Lewis has essentially conceded liability.  Defendant Lewis admits that he has spent all but $1,900.00 of the $73,200.00 in benefits he received.  The palintiffs have ascertained Lewis's other assets through discovery.  Lewis has indicated that he is not averse to an order freezing his remaining assets.  Accordingly, the court finds an order

directing Lewis not to dispose of his assets pending the appeal is appropriate in this case. Accordingly,

IT IS ORDERED:

1.   The plaintiffs' motion for summary judgment (Filing No. 90) is denied.

2.   On its own motion, the court certifies, under Fed. R. Civ. P. 54(b), that its order granting plaintiffs' motion for summary judgment against defendant Hartford and awarding a judgment in the amount of $73,200.00 to plaintiffs Katherine and Kristina Matschiner, to be distributed equally, is a final judgment.

3.   In accordance with this Memorandum and Order and Fed. R. Civ. P. 58, a separate final judgment in favor of plaintiffs and against Hartford will be entered this date.

4.   All proceedings in this action are stayed pending the outcome of defendant Hartford's appeal.

5.   Defendant Lewis is ordered not to dispose of the following assets without further order of this court:  a 2007 Mazda 6 sedan; a 42" television, a sofa, golf clubs and the funds in Alan Lewis's savings account at Wells Fargo Bank.

DATED this 5th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.