IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHERINE MATSCHINER and KRISTINA MATSCHINER, ) ) ) | |
| Plaintiffs, ) ) | 8:07CV435 |
| v. ) ) | |
| ALAN L. LEWIS, and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, ) ) ) | MEMORANDUM AND ORDER |
| Defendants. ) ) | |

This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"), Filing No. 122, Opinion; Filing No. 123, Judgment; Filing No. 126, Mandate/Judgment, and on pro se defendant Alan L. Lewis's correspondence to the court, construed and filed as a motion to dismiss, Filing No. 124. The plaintiffs have not responded to defendant Lewis's motion.

On the appeal by defendant Hartford Life & Accident Insurance Company ("Hartford"), the Eighth Circuit reversed this court's judgment in favor of the plaintiffs and remanded this action "with instructions to enter judgment dismissing the claims against Hartford with prejudice." Filing No. 122, Opinion at 8. The Eighth Circuit further stated:

> That will leave the Matschiners' separate claims against Alan Lewis, which may or may not have an independent basis of federal jurisdiction. If not, the district court will need to decide whether to exercise its supplemental jurisdiction or to dismiss these state law claims without prejudice. See 28 U.S.C. § 1367(c); cf. Hall v. Hall, 2009 WL 2837720 (E.D. Pa. Sept. 3, 2009).

*Id.* The claims remaining before the court are plaintiffs' allegations of unjust enrichment based on misrepresentation and fraud. The plaintiffs earlier indicated that they would

pursue relief from Lewis if the judgment against Hartford were reversed. See Filing No. 106, Memorandum and Order ("Mem. & O.") at 2.

In his motion to dismiss, defendant Lewis alludes to additional factual or equitable defenses and asserts that the appellate court "footnoted that [its] decision would likely make it unnecessary to resolve the distinct claims against Alan Lewis." Filing No. 124. Contrary to Lewis's assertion, the Eighth Circuit noted that it would be unnecessary to resolve the claims against Lewis if this court's grant of relief to the plaintiffs, and against Hartford were upheld, which it was not. See Filing No. 122, Opinion at 2 n.1. In an earlier order denying the plaintiffs' motion for summary judgment against defendant Lewis, this court stated that the plaintiffs had not established as a matter of law that they were entitled to judgment on their equitable claim, noting that it could "not determine on this record whether defendant Lewis's retention of the life insurance proceeds was unjust" and finding that "[r]esolution of the issue requires full development of the facts and an assessment of the equities on both sides as well as determinations of credibility." Filing No. 106, Memorandum and Order ("Mem. & O.") at 5. That remains the case. Accordingly, the court finds defendant Lewis's motion to dismiss should be denied.

Under 28 U.S.C. § 1367, the district court may decline to exercise supplemental jurisdiction over a claim that is part of the same case or controversy as the claim within the court's original jurisdiction "if the court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "Whether a dismissal of the touchstone claim should bring about a dismissal (or remand, in a removal situation) of the dependent claim for want of supplemental jurisdiction should hinge on the moment within the litigation when the

2

dismissal of the touchstone claim takes place, and on the other surrounding circumstances." 28 U.S.C. § 1367 note (Commentary on 1988 Revision) (noting that if the main claim is dismissed early in the action, before any substantial preparation has gone into the dependent claims, remanding the latter is fair, but if the dismissal of the main claim occurs after there have been substantial efforts to prepare the dependent claims, declining to exercise supplemental jurisdiction is neither fair nor necessary). The court notes that this action was filed in state court in October of 2007 and removed to this court in November of that year. Considerable discovery and motion practice was undertaken before this court stayed the proceedings against defendant Lewis while defendant Hartford appealed. Noting that Lewis had essentially conceded liability, this court ordered Lewis not to dispose of certain assets without further order of the court. Filing No. 106, Mem. & O. at 7-8. As indicated in his motion to dismiss, Lewis may now intend to raise additional factual or equitable defenses. In view of those circumstances, the court finds it appropriate to exercise its supplemental jurisdiction over the remaining equitable claim and to bring it to a prompt resolution. Accordingly, the court will schedule a status conference to determine how the parties wish to proceed and to set this matter for trial.

IT IS ORDERED:

1. Defendant Lewis's motion to dismiss (Filing No. 124) is denied.

2. Pursuant to the mandate of the United States Court of Appeals for the Eighth Circuit, the judgments in favor of plaintiffs (Filing No. 62 & Filing No. 107) are vacated and the plaintiffs' claims against defendant Hartford Life & Accident Insurance Company are hereby dismissed with prejudice.

3. A status conference is scheduled for **January 26, 2011, at 3:30 p.m.**, Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska. A party may participate in this conference telephonically by notifying chambers (402/661-7302) at least 24 hours before the hearing of their wish to do so and the phone number where they can be reached.

DATED this 13th day of January, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4